IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **ALFONSO QUINTERO,** | : | CIVIL ACTION |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| **PERRY PHELPS, Warden, and** | : | No. 08-589-RK |
| **JOSEPH R. BIDEN, III, Attorney** | : | |
| **General for the State of Delaware,** | : | |
| | : | |
| Respondents. | : | |

Alfonso Quintero. *Pro se* petitioner.

Elizabeth R. McFarlan. Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

**MEMORANDUM OPINION**

May 20th, 2009
Wilmington, Delaware

**Kelly, Sr. District Judge**

**I.  INTRODUCTION**

Petitioner Alfonso Quintero ("petitioner") is incarcerated at the James T. Vaughn Correctional Center in Smyrna, Delaware.  The petitioner filed the pending petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("petition") requesting relief from his conviction and sentence.  (D.I. 1.)  For the reasons set forth below, the Court will deny the petition as time-barred by the one-year period of limitations prescribed in 28 U.S.C. § 2244(d)(1) without an evidentiary hearing.

**II.  FACTUAL AND PROCEDURAL BACKGROUND**

In April 2006, a Delaware Superior Court jury found the petitioner guilty of trafficking in cocaine, possession with intent to deliver cocaine, use of a vehicle for keeping controlled substances, and second degree conspiracy.  The Superior Court sentenced the petitioner to eight years mandatory imprisonment, followed by eighteen months of decreasing levels of supervision.  The Delaware Supreme Court affirmed the petitioner's convictions and sentences on direct appeal.  Quintero v. State, 913 A.2d 570 (Table), 2006 WL 3392915 (Del. Nov. 22, 2006).

On May 22, 2007, the petitioner filed in the Delaware Superior Court a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion").  The Superior Court denied the Rule 61 motion on October 30, 2007.  State v. Quintero, 2007 WL 3288072 (Del. Super. Ct. Oct. 30, 2007).  The petitioner filed a notice of appeal on December 10, 2007, and the Delaware Supreme Court dismissed the post-conviction appeal as untimely.  See Quintero v. State, 945 A.2d 1168 (Table), 2008 WL 697599, at *1 (Del. Mar. 17, 2008).

In September 2008, the petitioner filed the federal habeas petition presently pending

before the court, asserting four grounds of relief. Three of the claims involve a police officer's testimony that a confidential informant ("CI") was "working with police" at the time the CI was sitting in the back of the petitioner's car, where the drugs were found. Petitioner contends that the police officer's testimony violated his Sixth Amendment right to confrontation, constituted inadmissible hearsay, and amounted to improper vouching. In his fourth claim, the petitioner asserts that the trial court erred by not calling a mistrial when the police officer testified that he knew the petitioner from prior arrest photos. (D.I. 1.) The respondents filed an answer, asking the Court to dismiss the petition as time-barred. (D.I. 9.) Alternatively, the respondents assert that all four claims should be denied as meritless under §2254(d)(1). Id.

## III. DISCUSSION

### A. One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and habeas petitions filed in federal courts after this date must comply with the AEDPA's requirements. See generally Lindh v. Murphy, 521 U.S. 320, 336 (1997). The AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The instant petition is subject to the one-year limitations period contained in § 2244(d)(1). See Lindh, 521 U.S. at 336. The petitioner does not allege, and the Court cannot discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Accordingly, the one-year period of limitations began to run when the petitioner's conviction became final under § 2244(d)(1)(A).

The Delaware Supreme Court affirmed the petitioner's convictions and sentences on November 22, 2006, and he did not seek certiorari review by the United States Supreme Court. As a result, the petitioner's conviction became final on February 20, 2007. See Kapral v. United States, 166 F.3d 565, 576 (3d Cir. 1999)(holding that the limitations period under § 2244(d)(1)(A) begins to run upon the expiration of the 90-day period for seeking review in the Supreme Court when the petitioner did not appeal his conviction.).

Using February 21, 2007 as the starting date for the limitations period, the petitioner had until February 20, 2008 to timely file his petition. See Wilson v. Beard, 426 F.3d 653 (3d Cir. 2005)(holding that Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions). The petitioner, however, did not file his petition until September 8, 2008, approximately six months after the expiration of AEDPA's limitation period.[1] Accordingly, the

---

[1] A prisoner's pro se habeas petition is deemed filed on the date he delivers it to prison officials for mailing to the district court. See Longenette v. Krusing, 322 F.3d 758, 761 (3d Cir. 2003)(the date on which a prisoner transmitted documents to prison authorities is to be considered the actual filing date); Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998). Presumably, the petitioner could not have presented the petition to prison officials for mailing any earlier than September 8, 2008, the date on the petition. Therefore, the Court adopts

3

petition is time-barred, unless the limitations period can be statutorily or equitably tolled. See Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999). The Court will discuss each doctrine in turn.

**B. Statutory Tolling**

Pursuant to § 2244(d)(2), "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" will toll the AEDPA's one-year limitations period during the time the collateral proceeding was pending, including any post-conviction appeals, provided that the application for collateral review was filed prior to the expiration of the AEDPA's one-year period. See 28 U.S.C. § 2244(d)(2); Swartz v. Meyers, 204 F.3d 417, 424-25 (3d Cir. 2000); Price v. Taylor, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002)(explaining that a properly filed Rule 61 motion will only toll the limitations period if it was filed and pending before the expiration of the AEDPA's limitations period). "An application is properly filed when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as the rules governing the location and time of filing, the forms used, and the requisite filing fee. Artuz v. Bennett, 531 U.S. 4, 8 (2000); Lovasz v. Vaughn, 134 F. 3d 146, 148 (3d Cir. 1998).

Here, the petitioner filed his Rule 61 motion on May 22, 2007. The Superior Court denied the Rule 61 motion on October 20, 2007, and the petitioner appealed. The petitioner, however, did not "properly file" his post-conviction appeal for statutory tolling purposes because the Delaware Supreme Court dismissed the appeal as untimely.[2]  See Pace v. DiGuglielmo, 544

---

September 8, 2008 as the filing date. See Woods v. Kearney, 215 F. Supp. 2d 458, 460 (D. Del. 2002).

[2]In order to be timely under Delaware Supreme Court Rule 6, the petitioner had to file his notice of appeal by November 29, 2007. The petitioner did not file his notice of appeal until

U.S. 408 (2005). As a result, the petitioner's Rule 61 motion tolls the limitations period from May 22, 2007 through November 29, 2007; it does not toll the limitations period for the remaining time during which the petitioner's untimely post-conviction appeal was pending before the Delaware Supreme Court. Swartz, 204 F.3d at 420-24; see Eley v. Snyder, 2002 WL 441325, at *2-3 (D. Del. Mar. 21, 2002).

When the petitioner filed his Rule 61 motion on May 22, 2007, 91 days of the AEDPA's limitations period had already elapsed, leaving him 274 days in which to timely file a habeas petition. The limitations clock started to run again on November 30, 2007, and continued to run without interruption until it expired on September 2, 2008.[3] Therefore, even with statutory tolling, the petitioner's filing on September 8, 2008 was six days too late.

**C. Equitable Tolling**

The AEDPA's limitations period may be tolled for equitable reasons in very rare situations. See Jones, 195 F.3d at 159. In order to trigger equitable tolling, the petitioner must demonstrate that he "exercised reasonable diligence in investigating and bringing [the] claims" and that he was prevented from asserting his rights in some extraordinary way; mere excusable neglect is insufficient. Miller v. New Jersey State Dept. of Corrs., 145 F.3d 616, 618-19 (3d Cir. 1998); Schlueter v. Varner, 384 F.3d 69, 77 (3d Cir. 2004). Consistent with these principles, the Third Circuit has specifically limited equitable tolling of the AEDPA's limitations period to the

---

December 10, 2007. See Quintero, 2008 WL 697599, at *1.

[3]The AEDPA's limitations period actually expired on August 30, 2008, which was a Saturday. The following Monday, September 1, 2008, was Labor Day. Therefore, the limitations period extended through the end of the day Tuesday, September 2, 2008. See Fed. R. Civ. P. 6(a)(3).

following circumstances:

>   (1) where the defendant (or the court) actively misled the plaintiff;
>   (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
>   (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

Jones, 195 F.3d at 159; see also Brinson v. Vaughn, 398 F.3d 225, 231 (3d Cir. 2005)(equitable tolling is appropriate where the court misleads petitioner about steps necessary to preserve habeas claim).

Here, the petitioner does not assert, and the Court cannot discern, that any extraordinary circumstances prevented him from timely filing the instant petition. To the extent the petitioner's failure to comply with the AEDPA's limitations period was due to his own mistake in computing the time-period, that mistake does not warrant equitable tolling.[4] LaCava v. Kyler, 398 F.3d 271, 276 (3d Cir. 2005)("in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling")(internal citation omitted); Simpson v. Snyder, 2002 WL 1000094, at *3 (D. Del. May 14, 2002)(a petitioner's lack of legal knowledge does not constitute an extraordinary circumstance for equitable tolling purposes). Therefore, the court concludes that the doctrine of equitable tolling is not available to the petitioner on the facts he has

---

[4]Although not entirely clear, the petitioner appears to believe that his Rule 61 motion should act to toll the limitations period from the date of its filing, May 22, 2007, through March 17, 2008, the date on which the Delaware Supreme Court dismissed petitioner's post-conviction appeal as untimely. (D.I. at 1 at ¶ 18.) The Court has already explained how the Rule 61 motion only tolls the AEDPA's limitations period through the thirty-day period the petitioner had to timely file a post-conviction appeal. See supra at pp. 4-5.

presented, and the Court will dismiss the petition as time-barred.[5]

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. See 3d Cir. L.A.R. 22.2 (2008). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Id.

The Court has concluded that the petitioner's § 2254 petition should be denied as time-barred. The Court is persuaded that reasonable jurists would not find this conclusion to be debatable. Therefore, the Court will not issue a certificate of appealability.

## V. CONCLUSION

For the reasons discussed, the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 will be denied. (D.I. 1.)

An appropriate order will be entered.

---

[5]Having determined that the petition is time-barred, the Court will not address the respondent's alternative argument that the claims should be denied for failing to satisfy § 2254(d).

7

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **ALFONSO QUINTERO,** | : | CIVIL ACTION |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| **PERRY PHELPS, Warden, and** | : | No. 08-589-RK |
| **JOSEPH R. BIDEN, III, Attorney** | : | |
| **General for the State of Delaware,** | : | |
| | : | |
| Respondents. | : | |

## O R D E R

**AND NOW**, this 20th day of May, for the reasons set forth in the Memorandum Opinion issued this date, **IT IS ORDERED** that:

1. Petitioner Alfonso Quintero's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 is **DENIED** and **DISMISSED** without an evidentiary hearing. (D.I. 1.)

2. There is **no** probable cause to issue a certificate of appealability because the petitioner has failed to satisfy the standards set forth in 28 U.S.C. § 2253(c)(2).

/s/ Robert F. Kelly
ROBERT F. KELLY, Sr. J.